Case 4:19-cv-02076 Document 1-1 Filed on 06/06/19 in TXSD Page 1 of 13

4/27/2019 11:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33122298
By: Nelson Cuero
Filed: 4/29/2019 12:00 AM

2019-29565 / Court: 011

C. A. No. _____

| | |
|---|---|
| **LINDA SAPP** | In The |
| Plaintiff, | |
| v. | District Court |
| **CHAMBERLAIN COLLEGE OF NURSING** | Harris County, Texas |
| Defendant | \_\_\_\_\_ Judicial District |

# PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

1. INTRODUCTION

Plaintiff demands a JURY TRIAL as to any and all issues triable to a jury. Plaintiff alleges Defendant CHAMBERLAIN COLLEGE OF NURSING violated the law of the state of Texas when Defendant CHAMBERLAIN COLLEGE OF NURSING took adverse personnel actions against Plaintiff.

1.1 COMES NOW, LINDA SAPP, (hereinafter referred to as "Plaintiff") complaining of and against CHAMBERLAIN COLLEGE OF NURSING (hereinafter referred to as "Defendant or CHAMBERLAIN), and for cause of action respectfully shows the court the following:

2. PARTIES

2.1. Plaintiff is an individual residing in Houston, Harris County, Texas.

2.2. Defendant CHAMBERLAIN COLLEGE OF NURSING, is an employer engaging in an industry affecting interstate commerce. Defendant CHAMBERLAIN COLLEGE OF

Page | 1

PLAINTIFF'S ORIGINAL PETITION

NURSING can be served by serving its registered agent, CT Corporation System, 1999 Bryan St., Suite 900 Dallas, Texas 75201.

2.3. Defendant Watkins is an individual residing in Texas and Plaintiff's former supervisor. Defendant Watkins can be served at her residence.

### 3. VENUE

3.1. Venue of this proceeding is proper in Harris County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.002 because Harris County is the county in which all or part of the cause of action accrued (the county where Plaintiff worked for Defendant) and the county where Defendant maintain a residence, an agency or representative

### 4. FACTS

4.1. Plaintiff began working for Defendant as an Assistant Professor for Defendant in its school of Nursing at the Houston Campus in 2016. Plaintiff had extensive experience in nursing and having recently presented her thesis earned her PhD in nursing as well as having her masters as a registered nurse.

4.2. Plaintiff reported to Defendant Kaye Watkins, Associate Dean of Faculty.

4.3. Prior to the time Defendant Chamberlain put Plaintiff on a bogus Performance Plan on March 7, 2017, Defendant failed to ever write Plaintiff up or otherwise discipline her.

4.4. In fact, Plaintiff was so highly thought of that in November 2016, Plaintiff was informed that she was selected as a presenter for the 2017 National Nurse Educators Summit. Tamara Williams, Dean of Nursing, told Plaintiff it would be no problem for her to take off to attend and present at the summit in April 2017 and even explained to her the process she would have to undergo to appear as a Chamberlain representative.

4.5. Almost immediately after Defendants became aware that Plaintiff was schedule to present at a national prestigious summit, Defendant Watkins began a pattern and practice of harassing and interfering with Plaintiff's employment with Defendant Chamberlain. This interference was not in the best interest of Defendant Chamberlain, was contrary to its polices, was based on falsities. Defendant Chamberlain ratified Defendant Watkins tortious interference against Plaintiff.

4.6. On February 5, 2017, Plaintiff asked to see Exams before they were presented to students and had asked to give input on Exam 3. The Dean of Nursing told Plaintiff that she did not need to have any input or even see the exams and that her job was to show up and administer the exam. This becomes important much later.

4.7. Beginning on February 8 and into February 9, 2017, David Chang, from Defendant Chamberlain's IT department worked on Plaintiff's computer. When the computer could not immediately be fixed or corrected (there was not an initial problem as far as Plaintiff knew requiring any work) Plaintiff got on the phone with a different representative (a series of four calls) from IT. During the last call, Plaintiff noted messages popping up and disappearing. She specifically noted that one meeting stated 1:1 Meeting with Kaye/Tamara in 2016. It is important to note that a meeting like this never occurred.

4.8. It was clear to Plaintiff that someone had access to her computer and was putting false information into it. The next day Plaintiff filed a hacking complaint; a complaint that was still ongoing when Defendant Chamberlain fired Plaintiff.

4.9. The very day that Plaintiff made the hacking complaint students complained to Plaintiff that their grades were being changed (at a time when Plaintiff did not have access to the

course room). Plaintiff reported this additional interference and hacking and the HR representative stated that he would escalate the complaint.

4.10.  On March 7, 2017, Kaye Watkins put Plaintiff on a Performance Improvement Plan based on four false and fraudulent reasons. Plaintiff responded to Ms. Watkins' false information explaining exactly why the reasons were untrue. Ms. Watkins wholly ignored Plaintiff. She obviously had an agenda.

4.11.  Defendant Chamberlain demanded that Plaintiff move her office, ultimately work longer hours than her peers (because of lab work) and attend weekly lectures. Defendant Chamberlain included the time frame for Plaintiff's mandatory attendance the time frame when Plaintiff was scheduled to present at the National Summit.

4.12.  On March 10, 2017, Plaintiff walked into CAS and heard Kaye Watkins offering one of Plaintiff's peers Plaintiff's courses to teach the following semester.

4.13.  On March 14, 2017, Kaye Watkins sent an email to Plaintiff containing 1:1 meetings again for the date that Plaintiff was scheduled to present at the National Summit – dates Kaye Watkins knew about and dates that Defendant Chamberlain approved Plaintiff to attend.

4.14.  On March 14, 2017, Kay Watkins sent May WLC to all of Plaintiff's peers but not to Plaintiff. Defendant Watkins had assigned all of Plaintiff's courses to Eddyline Comia.

4.15.  On March 16, 2017, Plaintiff checked the shared drive and all of Plaintiff's peers had courses scheduled for May, however Defendant Chamberlain and Defendant Watkins had not scheduled any for Plaintiff.

4.16.  On March 20, 2017, Plaintiff arrived for her lecture presentation. Defendant Kaye Watkins told Plaintiff they were on Goal 3. Plaintiff asked how that was possible as she

had not completed Goal 1. Defendant Watkins told Plaintiff she was a no show for the previous lecture. Plaintiff asked Defendant Watkins how that could be possible as Watkins sent her the room number for that lecture the morning of the lecture and knew the computer equipment Plaintiff had in that newly assigned room was not functioning. In fact, the desk could not be moved to accommodate Plaintiff who was left handed, had only one outlet and had no desk storage or other storage space.

4.17. On March 20, 2017, Plaintiff filed harassment and retaliation complains against Defendant Watkins and told her so.

4.18. On March 21, 2017, Plaintiff filed an ethics complaint regarding Defendant Watkins.

4.19. On March 21, 2017 and March 29, 2017, Defendant Watkins made false allegations in front a witness that Plaintiff was late to the lab. The allegations were false.

4.20. Defendants' actions caused Plaintiff's blood pressure to rise and experience significant anxiety.

4.21. After Plaintiff made her presentation at the National Summit, she went out on a disability claim.

4.22. Though Plaintiff was out after filing a disability claim, Defendant Chamberlain sent her an email telling her that she needed to complete a responsible communications course by April 12, 2017 or she would risk termination. Plaintiff only saw these emails on April 12, 2017.

4.23. Defendant Watkins achieved her efforts of interfering with Plaintiff's employment. On April 28, 2017, Plaintiff received a letter telling Plaintiff she was terminated for cause because she provided "forged questions in response to your PIP" or copied test questions from a previous session.

4.24. The problem with this false allegation is that Plaintiff did not.

4.25. In fact, in a previous email on March 21, 2017, regarding such exam questions Defendant Watkins wrote, "[i]f you revised the questions then you created them, they are good questions, all I needed was an explanation and thank you for it."

4.26. Defendant Chamberlain ratified Defendant Watkins's decision to terminate Plaintiff.

4.27. Defendants' termination of Plaintiff was willful and intentional. Defendants' termination of Plaintiff caused Plaintiff to incur injury and actual damage or loss, including loss of compensation and causing Plaintiff to undergo medical and therapy treatment.

4.28. Defendants' tortuously interfered with Plaintiff's employment.

4.29. Defendant Watkins furthered her own interests by terminating Plaintiff.

4.30. Defendant Watkins' actions are so contrary to the Defendant Chamberlain's best interests that her actions in directing Plaintiff to move to another office, fail to schedule Plaintiff for a semester of classes, ask another peer of Plaintiff's take her classes, schedule Plaintiff to work when she had a pre-approved conference and presentation and ultimately terminate Plaintiff could only be motivated personal interest therefore Defendant Watkins maintains no privilege with regard to her actions which tortuously interfered with Plaintiff and her employment. (at which time Defendant Watkins remained employed with Defendant Chamberlain) *Powell Industries Inc., v. Allen*, 985 S.W. 2d 455 (Tex. 1998). Unfortunately, for Defendant Chamberlain, it ratified and approved Defendant Watkins' decision to terminate Plaintiff.

4.31. Defendants Watkins and Chamberlain made representations to Plaintiff that were false and that Defendants knew were false. his performance improvement plan as a coaching tool was an effort to help him succeed. Defendants, particularly Defendant Watkins,

knew that representation was false or at least made recklessly with the intent that Plaintiff rely on the representations and work to succeed, as it were, in the performance improvement plan and regarding test questions. Plaintiff' relied on that representations to no avail; Defendant Watkins wholly ignored Plaintiff's good efforts and responses and caused Plaintiff injury. Defendant Chamberlain ratified and approved that injury. When all else failed and Plaintiff was still there Defendants fired her for false reasons.

4.32.

## 5. TIMELINESS

5.1. Plaintiff filed Plaintiff's lawsuit within two years of the date the injury accrued and Plaintiff received notice of same.

## 6. DAMAGES

6.1. As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## 7. ATTORNEY'S FEES

7.1. Defendants' action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & SPROVACH, 3518 Travis, Suite 200, Houston, Texas 77002 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 8. JURY DEMAND

8.1.   Plaintiff hereby makes Plaintiff's request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposits with the District Clerk of Harris County, Texas the jury fee of forty ($40.00) dollars.

## 9.   PRAYER

9.1.   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause Plaintiff have the following relief:

9.1.1.   Judgment against Defendants, for actual damages sustained by Plaintiff as alleged herein;

9.1.2.   Judgment against Defendants, for backpay lost by Plaintiff as alleged herein;

9.1.3.   Judgment against Defendants, for front pay by Plaintiff as alleged herein;

9.1.4.   Grant Plaintiff general damages for the damage to Plaintiff's reputation;

9.1.5.   Pre-judgment interest at the highest legal rate;

9.1.6.   Post-judgment interest at the highest legal rate until paid;

9.1.7.   Damages for mental pain and mental anguish, and other compensatory damages;

9.1.8.   Exemplary and punitive damages;

9.1.9.   Attorney's fees;

9.1.10.   All costs of court expended herein;

9.1.11.   Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully Submitted,

/s/ *Ellen Sprovach*
Ellen Sprovach
Texas State Bar ID 24000672
ROSENBERG & SPROVACH
3518 Travis, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
Gregg M. Rosenberg
ROSENBERG & SPROVACH

ATTORNEYS FOR PLAINTIFF

Unofficial Copy Office of Marilyn Burgess District Clerk

4/30/2019 3:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33185013
By: Adiliani Solis
Filed: 4/30/2019 3:16 PM

# CIVIL PROCESS REQUEST

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** 2019-29565　　　**CURRENT COURT:** 11

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Original Petition

**FILE DATE OF MOTION:** Petition　　4　　27　　19
　　　　　　　　　　　　　　　　　Month/　Day/　Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. **NAME:** Chamberlain College of Nursing
   **ADDRESS:** 1999 Bryan St., Suite 900 Dallas, Texas 75201
   **AGENT,** (*if applicable*): CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): citation for personal service

**SERVICE BY** (*check one*):
- [ ] **ATTORNEY PICK-UP**　　　　　　　[ ] **CONSTABLE**
- [x] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: Ronnie Holmes - Box #235　　Phone: 832-423-3581
- [ ] **MAIL**　　　　　　　　　　　　　[ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
   Type of Publication:　[ ] **COURTHOUSE DOOR, or**
   　　　　　　　　　　　[ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** *explain* _____

*********************************************************************************************

2. **NAME:** _____
   **ADDRESS:** _____
   **AGENT,** (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- [ ] **ATTORNEY PICK-UP**　　　　　　　[ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: ____　　Phone: ____
- [ ] **MAIL**　　　　　　　　　　　　　[ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
   Type of Publication:　[ ] **COURTHOUSE DOOR, or**
   　　　　　　　　　　　[ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**
**NAME:** Elen Sprovach　　**TEXAS BAR NO./ID NO.** 24000672
**MAILING ADDRESS:** 3518 Travis Street, Suite 200, Houston TX 77002
**PHONE NUMBER:** 713　960-8300　　**FAX NUMBER:** 713　621-6670
　　　　　　　　　area code　phone number　　　　　　　area code　fax number
**EMAIL ADDRESS:** elen@rosenberglaw.com; shelby@rosenberglaw.com

Page 1 of 2

CIVCI08 Revised 9/3/99

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
   ORDER TO: _____
               (specify)
   MOTION TO: _____
               (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Page 2 of 2

CIVCI08 Revised 9/3/99

*Unofficial Copy Office of Marilyn Burgess District Clerk*

# MARILYN BURGESS
## Harris County District Clerk



# Civil Process Pick-Up Form

CAUSE NUMBER: 2019-29565

ATY _____  CIV ✓ _____  COURT 11 _____

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| ATTORNEY: Sprovach, Elen  PH: 713-960-8300 |
| CIVIL PROCESS SERVER: Ronnie Holmes  Box #235 |
| PH: 832-423-3581 |
| PERSON NOTIFIED SVC READY: Mr. Holmes |
| DATE: 5-2-19 |
| anita Perez |

Type of Service Document: Cit          Tracking Number 73619950
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____

**Process papers prepared by: ANITA PEREZ**

Date: 5-2-2019          30 days waiting 6-2-19

**Process papers released to:** RL HOLMES
(PRINT NAME)

_____ R.L. Holmes
(CONTACT NUMBER)    (SIGNATURE)

**Process papers released by:** I. Collins
(PRINT NAME)

I.C. Coller
(SIGNATURE)

Date: 6-3, 2019   Time: 10:55  (AM) / PM

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

*Unofficial Copy Office of Marilyn Burgess District Clerk*

CAUSE NO. 201929565

RECEIPT NO.                0.00      CIV
\*\*\*\*\*\*\*\*\*\*
TR # 73619950

PLAINTIFF: SAPP, LINDA
     vs.
DEFENDANT: CHAMBERLAIN COLLEGE OF NURSING

In The    11th
Judicial District Court
of Harris County, Texas
11TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

**FILED**
Marilyn Burgess
District Clerk
05-07-19
MAY 0 7 2019
Time: 12:30 pm
By: _____
Deputy

TO: CHAMBERLAIN COLLEGE OF NURSING BY SERVING ITS REGISTERED AGENT
    CT CORPORATION SYSTEM
    1999 BRYAN ST SUITE 900    DALLAS   TX   75201
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>29th day of April, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.
TO OFFICER SERVING:

     This citation was issued on 2nd day of May, 2019, under my hand and
seal of said Court.

<u>Issued at request of:</u>
SPROVACH, ELLEN
3518 TRAVIS ST., SUITE 200
HOUSTON, TX   77002
Tel: (713) 960-8300
<u>Bar No.</u>: 24000672

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: PEREZ, ANITA   IOJ//11221062

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at **10:55** o'clock **A**.M., on the **3rd** day of **May**, **2019**.
Executed at (address) **1999 Bryan St. (Ste. 900) Dallas, TX 75201** in
**Dallas** County at **11** o'clock **A**.M., on the **6th** day of **May**,
**2019**, by delivering to **Registered Agent - CT Corp. System** (VIA) **priority mail with conf. receipt** ~~defendant, in person~~ a
true copy of this Citation together with the accompanying **1** copy(ies) of the **Plaintiff's Original** Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this **7th** day of **May**, **2019**.

FEE: $ _____

_____ of _____ County, Texas

**Ronnie L. Holmes PSC 11807**
Affiant

By _____
Deputy

On this day, **Ronnie L. Holmes**, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this **7th** day of **May**, **2019**.

DAVID GONZALEZ
Notary Public, State of Texas
Comm. Expires 04-22-2022
Notary ID 129793570

_____
Notary Public

N.INT.CITR.P                         \*73619950\*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.